UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
IN THE MATTER OF THE EXTRADITION OF

PRINCE ICHI UCHE

----------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM AND ORDER**
14–MJ–462 (JMA)

**AZRACK, United States Magistrate Judge:**

On May 16, 2014, the United States filed a complaint against Prince Ichi Uche ("defendant") seeking the extradition of defendant to the Government of the Kingdom of Denmark ("Denmark") pursuant to the Extradition Treaty between the United States and Denmark, signed on June 23, 1972. (Compl. at 1, ECF No. 1.) Defendant has been charged with nine counts of Illicit Trafficking of Narcotic Drugs and Psychotropic Substances, in violation of the Danish Penal Code. (Compl. ¶ 1.) On June 11, 2014, defendant consented to his extradition to Denmark. (Aff. of Consent to Extradition, ECF No. 7.) Presently before the Court is defendant's motion to have more than $10,000 in cash seized by the United States returned to defendant pursuant to Federal Rule of Criminal Procedure ("Rule") 41(g). (Mot. for Return of Property ("Property Mot."), ECF No. 9.)

Rule 41(g) permits "[a] person aggrieved . . . by the deprivation of property [to] move for the property's return." Fed. R. Crim. P. 41(g). A Rule 41(g) motion brought after the conclusion of the criminal proceeding is treated as a civil equitable action. See Adeleke v. United States, 355 F.3d 144, 149 (2d Cir. 2004); Sonds v. U.S., No. 10–CV–6072, 2014 WL 2758759, at *1 (E.D.N.Y. Jun. 17, 2014) ("Given that there are no criminal proceedings currently pending against Petitioner, Petitioner's Motions are construed as a civil action in equity."). In order to prevail on a Rule 41(g) motion, the moving party "must demonstrate that (1) he is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property as evidence has ended." Ferreira v. United States, 354 F. Supp. 2d 406, 409 (S.D.N.Y. 2005). The burden of proof rests with defendant. See id. ("'The movant is required to show that he is entitled to lawful

1

possession of the property.'" (quoting 3A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 673 (3d ed. 2004))). Defendant is not entitled to the return of property under Rule 41(g) to which he cannot claim lawful possession. See <u>U.S. v. Van Cauwenberghe</u>, 827 F.2d 424, 433–34 (9th Cir. 1987) ("Absent a showing that the individual requesting return of property under Rule 41(e) [, now 41(g),] is entitled to its lawful possession, the property may not be released to him.").

Defendant asserts he is entitled to the more than $10,000 in cash because "[t]here is no indication the money Mr. Uche possessed was acquired as a result of the offense or represents evidence in his Danish Case." (Property Mot. (citing Denmark Int'l Treaty with the United States art. 17, Jun. 23, 1972, 25 U.S.T. 1293, TIAS 7864).) The United States asserts the money is "evidence of the defendant's narcotics trafficking." (Mem. in Opp'n to Return of Property ("Opp'n Mem.") at 2, ECF No. 10.) I agree with the government. Defendant has provided no evidence whatsoever—nor has he even attempted to argue—that the funds were separate and apart from the underlying charges. Defendant has had a month to establish his legitimate entitlement to the funds. Absent any evidence establishing the funds are unassociated with the underlying criminal action, defendant's request is denied.

SO ORDERED.

Dated: August 7, 2014
      Brooklyn, New York

                                                /s/
                                      JOAN M. AZRACK
                                      UNITED STATES MAGISTRATE JUDGE